**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WELLS FARGO BANK N.A.,

Plaintiff,

v. Case No. 3:23-cv-424-TJC-PDB

MARCOS ROSADO, BRENDALIZ CASTRO-GORDON, 5449 TURKEY CREEK CT LAND TRUST, ORANGE PARK HOLDINGS, LLC, as Trustee, UNKNOWN TENANT #1, TERRA MAR PROPERTY MANAGEMENT, LLC, as Successor Trustee of Duval County Land Trust #098380-2294, Dated June 12, 2013, UNKNOWN TENANT #2, ISPC, and ORTEGA PARK HOMEOWNERS ASSOCIATION, INC.,

Defendants.

---

**ORDER**

This foreclosure action is before the Court on UMB Bank's Motion for Remand (Doc. 11), to which Defendant 5449 Turkey Creek Ct Land Trust responded in opposition (Doc. 22), and UMB replied (Doc. 26). Turkey Creek removed the case based on diversity jurisdiction. (Doc. 1).

## I. BACKGROUND

This case began when Wells Fargo filed a Mortgage Foreclosure Complaint against Turkey Creek and several other defendants in state circuit court on September 21, 2018. (Doc. 3). On February 7, 2019, Wells Fargo filed a Proof of Publication of the Notice of the Action. (Doc. 1-3 at 7). On July 1, 2019, final judgment was entered in favor of Wells Fargo and the underlying mortgage merged into the final judgment. (Doc. 1-4 at 182–86); see Ferry v. E-Z Cashing, LLC, 361 So. 3d 905, 908 (Fla. 2d DCA 2023). On June 1, 2021, Wells Fargo assigned the mortgage to UMB Bank, and on April 14, 2023, Wells Fargo also assigned UMB the foreclosure judgment, which, according to the assignment, was effective as of the date the loan was transferred on May 26, 2021. (Docs. 26-1, 26-2).

On July 16, 2021, Turkey Creek (through its trustee) filed a Motion to Set Aside Default, Quash Service of Process, and Vacate Final Judgment, which was denied by the state court on January 3, 2022. (Doc. 1-4 at 151–162); (Doc. 1-6 at 4–6). On March 22, 2023, the property was sold at a foreclosure sale (Doc. 1-7 at 164), and on March 27, 2023, Turkey Creek filed an Objection to Sale, id. at 168–71. On April 11, 2023, Turkey Creek removed the case. (Doc. 1).

## II. MOTION TO REMAND

In its motion, UMB argues that the Court lacks jurisdiction to hear this case[1] and that Turkey Creek's removal was untimely. (Doc. 11). In its response, Turkey Creek argues that UMB lacks standing to move for remand and that removal was timely. (Doc. 22).

### A. UMB's Standing

Turkey Creek argues UMB is a non-party to this litigation and thus lacks standing to move for remand. (Doc. 22 at 2–5). UMB argues that Wells Fargo's assignment of the mortgage and foreclosure judgment gives it standing to do so. (Doc. 26 at 2). Generally, an assignee stands in the shoes of the assignor and

---

[1] UMB's Motion for Remand contains an extensive yet unnecessary discussion on federal question jurisdiction and the limited nature of federal courts' jurisdiction. See (Doc. 11). UMB only summarily states that diversity is not met. Id. at 6. The parties do not discuss UMB's citizenship or whether it is relevant to the diversity analysis. However, given the Court's conclusion that remand is warranted, the Court need not address this issue.

Further, the Court notes that Turkey Creek's removal violated the forum defendant rule because Defendants are citizens of Florida. See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). While UMB quotes the forum defendant rule in its motion (Doc. 11 at 3), it does not argue that it applies. Out of an abundance of caution, the Court considers the other arguments raised by UMB. Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317, 1321 (11th Cir. 2001) (holding that a district court exceeded its authority by sua sponte remanding case because of a procedural defect in the removal process).

assumes the same rights, title, and interest possessed by the assignor. See Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc., 657 F. Supp. 2d 1279, 1288 (M.D. Fla. 2009); Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC, 650 F. Supp. 2d 1213, 1227 (S.D. Fla. 2009). Turkey Creek cites Ferry v. E-Z Cashing, LLC, 361 So. 3d 905 (Fla. 2d DCA 2023) and argues that the assignment of the mortgage does not provide UMB standing in this case because the assignment occurred after the final judgment, such that the mortgage was extinguished. (Doc. 22 at 4–5). Ferry is distinguishable because the assignee in Ferry was assigned a note, secured by a mortgage, after judgment was entered. Ferry, 361 So. 3d at 907. Notably, the assignee was never assigned the judgment. Id. The Second DCA held that the purported assignee's assignment was a legal nullity because the mortgage merged with the final judgment and was extinguished. Id. at 908. Here, UMB was assigned not only the mortgage, but the actual foreclosure judgment. (Doc. 26-2). As an assignee, UMB has proper standing to move for remand.[2]

[2] As noted by Judge Sneed in Orso v. Nagibina:

> Federal Rule of Civil Procedure 25 provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." FED. R. CIV. P. 25(c). It is within the court's discretion to allow substitution. Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co., 748 F.2d 602, 610 (11th Cir. 1984). Substitution under Rule 25(c) "is procedural only and does not affect the substantive rights of the parties which are determined by state law." Matter of Covington

**B. Timeliness**

Each party argues that a different date triggered Turkey Creek's timeline for removal. UMB argues Turkey Creek's time for removal began when the Proof of Publication was filed in 2019. (Doc. 11 at 6). Turkey Creek maintains the revival exception is applicable, and its timeline for removal began on March 27, 2023, when its Objection to Sale was filed. (Doc. 22 at 7–9).

Revival allows a defendant to "newly assert the right to remove based on the occurrence of certain later events." Doe v. Fla. Int'l Univ. Bd. of Trustees, 464 F. Supp. 2d 1259, 1261 (S.D. Fla. 2006). Courts have found two scenarios where a defendant's right to remove may be revived: "[1] [W]here a plaintiff deliberately misleads a defendant about the true nature of the case until the thirty-day removal limit expires or [2] when an amended complaint is filed which 'fundamentally alter[s]' the complexion of the case to such a degree that the amended complaint creates 'an essentially new lawsuit.'" Clegg v. Bristol-Myers Squibb Co., 285 B.R. 23, 31 (M.D. Fla. 2002) (citation omitted) (Corrigan,

Grain Co., Inc., 638 F.2d 1357, 1361 (5th Cir. 1981); Barker v. Jackson Nat'l Life Ins. Co., 163 F.R.D. 364, 365 (N.D. Fla. 1995) ("Substitution under Rule 25(c) is purely a matter of convenience, and regardless of whether substitution is ordered, the respective substantive rights of the transferor or the transferee are not affected.").

No. 8:21-MC-131-KKM-JSS, 2022 WL 2159722, at *1 (M.D. Fla. June 15, 2022) (footnote omitted).

J.). A change in one of the parties or the filing of an amended complaint does not transform the character of a lawsuit. See Clegg, 285 B.R. at 31. "Courts that have considered the 'revival exception' have overwhelmingly found the facts of their cases did not warrant its application." Id. at 31–32 (collecting cases). Finally, it is settled that "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Turkey Creek's removal of this case was untimely. Turkey Creek argues that its March 2023 Objection to Sale is separate from the initial foreclosure action and is thus in and of itself a "separate" proceeding. (Doc. 22 at 5–7). Turkey Creek claims that because the Objection to Sale is a statutorily authorized post-judgment proceeding, it stands on its own, and its timeclock for removal was revived when the Objection was filed on March 27, 2023. Id. However, Turkey Creek's Objection to Sale stems from the original foreclosure complaint. See (Doc. 1-7 at 168–171). The post-judgment Objection to Sale does not "fundamentally alter" the nature of the case to such an extent that it created an essentially new lawsuit. Clegg, 285 B.R. at 31.[3] Turkey Creeks' cited cases are inapplicable or distinguishable. The revival exception does not apply here.

[3] Some more recent cases have questioned whether § 1446(b) permits revival or whether the Eleventh Circuit would ever adopt the revival exception.

The state court docket shows that the Proof of Publication was filed more than four years ago, making Turkey Creek's removal untimely. (Doc. 1-3 at 7). Even if the state court's order denying Turkey Creek's later Motion to Set Aside Default triggered its right to removal, removal would still be over a year late. Id. at 12. Turkey Creek's removal is untimely and the case is due to be remanded.[4]

Accordingly, it is hereby

**ORDERED:**

1. UMB Bank's Motion to Remand (Doc. 11) is **GRANTED**.

2. The case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.

3. After remand has been effected, the Clerk shall terminate any pending motions or deadlines and close the file.

---

Daggett v. Am. Sec. Ins. Co., No. 2:08-CV-46-FTM-29-DNF, 2008 WL 1776576, at *3 (M.D. Fla. Apr. 17, 2008); Nickle v. Israel, No. 14-62952-CIV, 2015 WL 417828, at *2 (S.D. Fla. Jan. 30, 2015).

[4] UMB asks the Court to impose and assess attorneys' fees against Turkey Creek. (Doc. 11 at 7). Courts may award attorneys' fees under § 1447(c) only when the removing party lacked an objectively reasonable basis for seeking removal. MSP Recovery Claims, Series LLC v. Hanover Ins. Co., 995 F.3d 1289, 1296 (11th Cir. 2021). The Court declines to award attorneys' fees.

**DONE AND ORDERED** in Jacksonville, Florida the 10th day of August, 2023.




TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Counsel of record

Clerk, Fourth Judicial Circuit, Duval County